IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS ROOF GARDENS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-696-O |
| | § | ECF |
| THE CITY OF DALLAS TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**OPINION**

Before the Court is Defendant Reinvestment Zone Five Board, *a/k/a* City Center TIF Board of Directors' ("TIF Board") Motion to Dismiss and Brief in Support ("Def's Mtn.") (Doc. No. 28), Plaintiff Dallas Roof Gardens, Inc.'s ("DRG") Response thereto ("Pl's Resp.") (Doc. No. 32) and Defendant's Reply to Plaintiff's Response ("Def's Reply") (Doc. No. 33). Having reviewed these filings and the applicable law, the Court finds that Defendant's Motion to Dismiss should be and is hereby DENIED.

**I.   Background**

This civil rights action stems from the denial of Plaintiff's request for extension of a contract providing funding for a renovation project undertaken by Plaintiff in downtown Dallas. Plaintiff Dallas Roof Gardens, Inc. ("DRG") is a Texas corporation whose sole shareholder is Obi Ibeto, a black Nigerian national. DRG filed its First Amended Complaint ("Amd. Compl.") (Doc. No. 4) on April 25, 2007, alleging that the TIF Board engaged in discrimination on the basis of race and national origin, in violation of 42 U.S.C. § 1983. Amd. Compl. at 13-14. Additionally, Plaintiff alleges that Defendant TIF Board violated 42 U.S.C. § 1981 by

1

discriminatorily denying the Plaintiff's right to enter into contracts in the same manner as is enjoyed by other citizens. *Id*. at 14-15.  Finally, Plaintiff asserts state-law claims for breach of contract and promissory estoppel.  *Id.* at 15-16.

On August 1, 2007, Defendant TIF Board filed the present motion seeking dismissal of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim up on which relief can be granted.  *See* FED. R. CIV. P. 12(b)(6).  Defendant argues that Plaintiff fails to state a claim under section 1983 because it fails to allege the existence of a similarly situated group of persons.  *See* Def's Mtn. at 3-4.  Defendant further argues that Plaintiff fails to state a claim under section 1981 because the complaint contains only conclusory allegations regarding intentional discrimination and interference with DRG's right to contract.  *Id.* at 4-5.  Finally, Defendant argues that Plaintiff's state law claims should be dismissed because the TIF Board is immune from suit.  *Id.* at 5-6.  Plaintiff responds that its federal claims are proper, but concedes that its state law claims should be dismissed without prejudice.  Pl's Resp. at 6-7.

## II.     Legal Standard

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).  The factual allegations of a complaint must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).  *Id.*

2

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

In ruling on a motion to dismiss under Rule 12(b)(6), the court cannot look beyond the pleadings. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

## III.   Analysis

### A. Section 1983 Claims

Plaintiff alleges that Defendant, while acting under color of state law, deprived Plaintiff of rights secured by the Equal Protection Clause of the Fourteenth Amendment. Amd. Compl. at 13-14. Section 1983 [1] provides a civil remedy for violations, under color of state law, of a person's rights, privileges, or immunities arising under federal law. *Bledsoe v. City of Horn Lake, Mississippi*, 449 F.3d 650, 653 (5th Cir. 2006). Section 1983 does not itself create or

---

[1] The provision provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

establish any federally protected right. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (stating that section 1983, standing alone, is not a source of substantive rights; it provides the means by which federal rights elsewhere conferred may be vindicated). In the present action, section 1983 provides the method for Plaintiff to pursue its claim that Defendant violated the Equal Protection Clause of the Fourteenth Amendment, which commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

In the present case, Defendant argues that Plaintiff's Equal Protection claim fails because it does not specifically allege the existence of a similarly situated non-minority group that was treated differently. Def's Mtn. at 3-4. Defendant notes that the complaint does not allege the existence of any other applicant that was denied a contract extension after "waiting over a year to request a second extension." *Id.* at 4. Plaintiff responds that there are sufficient factual allegations in its Complaint to establish that similarly situated groups were treated differently by Defendant.

Upon review of the complaint, the Court finds that Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. 544, 570. Plaintiff alleges that he is a black Nigerian national who was denied TIF funds and an extension because of his race and national origin. Amd. Compl. at 13-14. In addition, Plaintiff alleges particular injury from Defendant's conduct. *Id.* The Court, accepting all well-pleaded facts in the complaint as true and viewing these facts in the light most favorable to Plaintiff, finds that Plaintiff has alleged enough facts to raise a right to relief above the speculative level. Accordingly, the Court finds that Defendant's Motion to Dismiss with respect to the section 1983 claims should be and here by is **DENIED.**

4

*Section 1981 Claims*

Plaintiff alleges that Defendants have violated 42 U.S.C. § 1981, which provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The phrase "make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The aim of section 1981 is to "remove the impediment of discrimination from minority citizens' ability to participate fully and equally in the market place." *Letap Hospitality, L.L.C. v. Days Inn Worldwide, Inc*., 2008 U.S. Dist. LEXIS 62442, * 19-20, (E.D. La., Aug. 7, 2008), citing *Turner v. Wong*, 363 N.J.Super. 186, 211 (2003). Thus, section 1981 "provides protection against discriminatory conduct during and after the formation of a contract" in order to "prevent discriminatory enforcement of contracts and the impingement of the benefits, terms, privileges and conditions of a contractual relationship." *Id.* at 20.

To establish a prima facie case in the pleadings under section 1981 in a commercial context, a plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Causey v. Sewell Cadillac-Chevrolet, Inc*., 394 F.3d 285, 288-289 (5th Cir. 2004), citing *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

In the present case, Defendant argues that Plaintiff has failed to state a claim under 42 U.S.C. § 1981. Defendant contends that Plaintiff has not plead facts "regarding how the decision

5

not to grant DRG's belated request for a second extension interferes with DRG's right to contract . . ." Def's Mtn. at 5.

Upon review of the complaint, the Court finds that Plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. 544, 570.  Plaintiff has pled that its sole shareholder is a black Nigerian national.  Amd. Compl. at 2. Plaintiff has also pled that he was denied the extension of a contract for funding essential to the operation of his investment. *Id.* at 15.  Finally, Plaintiff has pled that it was denied the contract extension due to discriminatory intent. *Id.* at 14-15.  The Court, accepting all well-pleaded facts in the complaint as true and viewing these facts in the light most favorable to Plaintiff, finds that Plaintiff has alleged enough facts to raise a right to relief above the speculative level.  Accordingly, the Court finds that Defendant's Motion to Dismiss as it relates to Plaintiff's claims under section 1981 should be **DENIED**.

*State Law Claims*

Defendant argues that Plaintiff's state-law claims are barred by governmental immunity. Def's Mtn. at 5.  In response to Defendants' Motion to Dismiss, Plaintiff concedes, with respect to the state-law claims, that "[b]ased upon the state law authorities cited by Defendant in support of its Motion to Dismiss Plaintiff's state law breach of contract and promissory estoppel claims, Plaintiff does not contest dismissal of such claims without prejudice at this time." Pl's Resp. at 6.  Defendant did not reply to Plaintiff's response on this point.

Based on the statements made in Plaintiff's response to Defendants' Motion to Dismiss the Court finds that Plaintiff has abandoned pursuing state-law claims against the TIF Board in this action.

Accordingly, Plaintiff's state-law claims against Defendant TIF Board are hereby **DISMISSED without prejudice**.

In light of this ruling, the Court further finds that Defendant's motion to dismiss Plaintiff's state-law claims should be and is hereby **DENIED as moot**.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Defendant TIF Board's Motion to Dismiss (Doc. No. 28).

**SO ORDERED** on this **31st** day of **March, 2009**

_____
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**